IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br><br>Defendant. | Case No. 1:14-cv-3081-WMN<br><br>Hon. William M. Nickerson |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE**

I.  **INTRODUCTION**

The Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that FedEx Ground Package System, Inc. ("FedEx Ground" or the "Company") violated, and continues to violate, the Americans with Disabilities Act (ADA) with respect to certain deaf or hard-of-hearing Package Handler employees and applicants throughout the United States. The Commission seeks relief on behalf of seventeen (17) individual charging parties, as well as an unspecified number of other "similarly aggrieved individuals" nationwide.

Despite the wide-ranging and disperse nature of its claims, and notwithstanding this lawsuit's lack of any real connection to this forum, the EEOC chose to file its suit in the U.S. District Court for the District of Maryland.

In the interest of justice and for the convenience of the witnesses and parties, FedEx Ground now moves to transfer this action to the U.S. District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). In short, transfer is appropriate because FedEx Ground's headquarters is located in Pittsburgh, within the Western District of Pennsylvania. Given this, an overwhelming number of key witnesses are located in the Western

DB1/ 81377282.3

District of Pennsylvania, and those witnesses—likely including some former-employee, third-party witnesses—will be decidedly inconvenienced if this litigation proceeds in Baltimore, rather than Pittsburgh.  Further, many if not most of the documents likely to be sought by the EEOC reside at FedEx Ground's headquarters, some only in hardcopy format.  This fact and the presence of so many witnesses within the Pittsburgh area means that transfer will render litigation of the matter far more convenient for FedEx Ground.  By contrast, the Commission—whose choice of venue warrants little, if any, deference here—will not be inconvenienced if this case proceeds in the Western District of Pennsylvania, particularly given that the EEOC has a field office located in Pittsburgh.  As a result, and since this dispute is virtually unconnected to the District of Maryland, transfer is proper under § 1404(a).

For these reasons and the other reasons set forth herein, FedEx Ground respectfully requests that the Court grant its Motion to Transfer.

## II.     RELEVANT FACTUAL BACKGROUND

FedEx Ground is a Delaware corporation headquartered in Pittsburgh, Pennsylvania, offering specified-date delivery of packages to all fifty states and the District of Columbia. FedEx Ground operates facilities across the United States, with 33 ground hubs and more than 500 pickup/delivery stations nationwide.  Although FedEx Ground's operations and workforce are spread throughout the United States, FedEx Ground's overall policies, procedures, and operating objectives are developed, implemented, and administered by employees working out of its Pittsburgh headquarters.

For instance, the employees responsible for developing and administering FedEx Ground's recruitment, application, and hiring policies—including, for Package Handler applicants, the "sort observation" phase of the process referenced in the EEOC's complaint, (*see* Compl. ¶¶ 20-21)—are located at FedEx Ground's headquarters in Pittsburgh, Pennsylvania.

(Declaration of Kiersten Crosby ("Crosby Decl.") at ¶¶ 2, 5). Similarly, the FedEx Ground employees that oversee the Company's policies and practices regarding reasonable accommodations, leaves of absence, and other disability-related issues are based out of Pittsburgh. (Declaration of Michelle Ward ("Ward Decl.") at ¶ 2-3, 6). The employees who are responsible for developing and testing the technology and equipment used by FedEx Ground employees, including the scanners and vibrating scanner accessories used by Package Handlers, also work at FedEx Ground's corporate headquarters in Pittsburgh, Pennsylvania. (Declaration of Theodore Dengel ("Dengel Decl.") at ¶ 2-4). Further, because these departments (and many others) are centralized in Pittsburgh, many of the documents and materials related to these same issues are housed at FedEx Ground's Pittsburgh headquarters, in some cases in hardcopy format only. (*See* Crosby Decl. ¶¶ 3, 4; Ward Decl. ¶ 5; Dengel Decl. ¶ 5).

On September 30, 2014, the EEOC filed this lawsuit against FedEx Ground in the U.S. District Court for the District of Maryland. Asserting claims under the ADA, the Commission challenges FedEx Ground's policies and practices relevant to Package Handlers "at its distribution facilities nationwide," taking issue with such topics as "orientation and training," "equipment" and "protocols" used by Package Handlers, and the Company's policy concerning reasonable accommodations. (Compl., "Nature of the Action," & ¶¶ 26, 31-32, 36, 40). The EEOC brings claims on behalf of seventeen (17) charging parties and an unspecified number of other "similarly aggrieved individuals," whom the Commission defines as "deaf or hard-of-hearing current or former Package Handlers or deaf or hard-of-hearing applicants to the Package Handler Position." (*See* Compl., "Nature of the Action").[1] Out of the thirty-two (32) individuals

---

[1] The charging parties include: Courtney Dawson, Lourdes Deeb, Victor Franco, Joseph McGinnis, Elena Misenas, Torrion Norton, Terri Morhoff, Anthony Pratt, Fernando Ramirez-Savon, Diana Sanchez, Christina Schaeffer, Brad Schumann, Charvis Thomas, Gregory Thomas, Mark Valimont, Fred Weiss, and Tina Whitehurst. (*See* Compl., "Nature of the Action"). Elsewhere in the Complaint, the Commission references fifteen other individuals by name: Matthew Aamont, Gloria Aaron, Melina Bishop-Ruszyk, Paul Burkhardt, Roman Carraquillo, Mark DeGoff, Veronica Equihua, Robert Folsom,

identified by name in the Complaint, only one is alleged to have any connection to Maryland. The others are alleged to have worked (or applied to work) in facilities scattered throughout the United States, including in Pennsylvania. (*See* Compl. ¶¶ 29(c), 35-37, 40). Per the Complaint, the EEOC's only basis for filing in the District of Maryland is that some of "the employment practices alleged to be unlawful were committed" in Maryland. (*See* Compl. ¶ 2).

### III.   DISCUSSION

#### A.   Legal Standard Governing Transfer Of Venue

"For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In ruling on a motion to transfer under § 1404(a), "a court must first determine whether venue is proper in the proposed transferee court and whether the defendants are subject to personal jurisdiction in the transferee forum." *Vasconcellos v. Cybex Int'l, Inc.*, 962 F. Supp. 701, 706 (D. Md. 1997) (Nickerson, J.) (citation omitted). If so, courts within this District generally consider four factors to determine whether transfer is appropriate: "(1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 777 (D. Md. 2009) (citing *TECH USA v. Evans*, 592 F. Supp. 2d 852, 857 (D. Md. 2009)); *see also WW, LLC v. Coffee Beanery, Ltd.*, Civ. WMN-05-3360, 2011 WL 5110267, at *6 (D. Md. Oct. 26, 2011) (Nickerson, J.) (same). In evaluating these factors, district courts have "discretion to decide whether to transfer the case, taking into account considerations of convenience and fairness." *Vasconcellos*, 962 F. Supp. at 705 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

---

Miriam Franson, Rick Gadsden, Mark Henson, Rosemary Johnson, Bruce Lucas, John Randall, and Frederick Zachary. (*See* Compl. ¶¶ 35-37, 40). This latter group presumably comprises some of the "aggrieved individuals" on whose behalf the Commission seeks relief.

Applied here, these considerations weigh strongly in favor of transferring this action to the Western District of Pennsylvania.

### B. The Western District Of Pennsylvania Is A Proper Forum

As an initial matter, there can be no question that the Western District of Pennsylvania is a proper venue for this action, and that FedEx Ground is subject to personal jurisdiction there.

This case arises under the ADA, which expressly incorporates the venue provisions of Title VII, 42 U.S.C. § 2000e-5.  *See* 42 U.S.C. § 12117(a); *see also Benton v. England*, 222 F. Supp. 2d 728, 730 (D. Md. 2002) (explaining that Title VII's venue rules apply to claims brought under the ADA).  In ADA cases, just as in cases arising under Title VII, venue is proper: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).  Moreover, for purposes of transfer under § 1404(a), the governing statute provides that "the judicial district in which the respondent has [its] principal office shall in all cases be considered a district in which the action might have been brought."  *Id*. § 2000e-5(f)(3); *see also Ashe v. Giant of Md., LLC*, No. AW-06-1293, 2007 WL 7020451, at *1 n.1 (D. Md. July 17, 2007), *aff'd*, 321 F. App'x 316 (4th Cir. 2009) (setting out these four venue possibilities).

Venue is proper in the Western District of Pennsylvania under any of these prongs.  First and most simply, FedEx Ground is headquartered in Pittsburgh. (*See* Crosby Decl. ¶ 5; Ward Decl. ¶ 6; Dengel Decl. ¶ 2).  Put another way, because FedEx Ground's "principal office" is located in Pittsburgh, this fact alone establishes that venue is proper in the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(c) (Western District of Pennsylvania encompasses Pittsburgh); *Wiggs v. Sec'y of Army*, 902 F.2d 1567, 1990 WL 64668, at *1 (4th Cir. 1990)

(unpub'd) (affirming transfer to the Eastern District of Virginia, where the Secretary of the Army's "'principal office' was located"). Second, the Complaint alleges that FedEx Ground committed unlawful employment practices at its facility in Pittsburgh and, therefore, presumably aggrieved individuals would have worked in the venue but for the alleged unlawful employment practice. (*See* Compl. ¶ 29(c)). Third, a substantial majority of the records relevant to this dispute are "maintained and administered" at FedEx Ground's Pittsburgh headquarters. (*See* Crosby Decl. ¶ 3, 4; Ward Decl. ¶ 5; Dengel Decl. ¶ 5). Each of these facts separately and independently confirms that venue is proper in the Western District of Pennsylvania, and, as a corporation headquartered in Pittsburgh, FedEx Ground is plainly subject to personal jurisdiction there. With these threshold elements satisfied, the Court must consider whether the convenience-related factors favor transfer under § 1404(a). For the reasons that follow, they do.

### C. The Relative Convenience Factors Weigh Greatly In Favor Of Transfer

#### 1. *The Commission's Choice of Venue Merits Almost No Deference*

The Court should afford minimal, if any, deference to the EEOC's choice of venue for several reasons. First, given its status as a federal government agency with nationwide reach, the EEOC differs from most private parties in that it generally does not reside within or have ties to one particular judicial district. Because of this, courts routinely find that the Commission's choice of venue warrants considerably less deference than might be appropriate in cases involving private litigants. *See, e.g.*, *EEOC v. United Airlines, Inc.*, No. CV 09-2469 PJH, 2009 WL 7323651, at *3 (N.D. Cal. Dec. 3, 2009) ("[B]ecause the EEOC is . . . a government agency . . . , the weight accorded to the EEOC's choice of forum is diminished."); *EEOC v. Tex. Roadhouse, Inc.*, No. 1:11-cv-11732-DJC, 2012 WL 5894910, at *1 (D. Mass. Nov. 9, 2012) (holding deference due EEOC's venue choice "lessened" because it is a federal agency); *EEOC v. Area Erectors, Inc.* No. 06-C-516-C, 2007 WL 5601487, at *2 (W.D. Wis. Apr. 23, 2007)

(affording the choice-of-forum factor "diminished" weight "because plaintiff EEOC is an agency of the federal government, which is not more a resident of the Western District of Wisconsin than of the Northern District of Illinois"); *EEOC v. Icon Ben. Adm'rs, Inc.*, No. EP-02-CA-527-DB, 2003 WL 748268, at *5 (W.D. Tex. Feb. 10, 2003) ("[T]he personal interest normally associated with a plaintiff's choice of forum do not weigh as heavily in [the EEOC's] favor . . . as they do when a plaintiff is a corporation or a natural person.").

Second, insofar as the Commission purports to bring claims on behalf of a disperse group of charging parties and other "similarly aggrieved individuals" nationwide, the class-like nature of the Commission's claims undercuts any deference due its choice of forum. *E.g.*, *Gomez v. Kroll Factual Data, Inc.*, No. 8:12-cv-2773-AW, 2013 WL 639042, at *2 (D. Md. Feb. 20, 2013) ("Because Plaintiff brings this action on behalf of a putative class of consumers presumably scattered across the country, Plaintiff's choice of forum does not merit the usual deference."); *see also In re Warrick*, 70 F.3d 736, 741 & n.7 (2d Cir. 1995) ("It is true . . . that the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action."); *Owner-Operator Indep. Drivers Ass'n v. N. Am. Van Lines, Inc.*, 382 F. Supp. 2d 821, 824 (W.D. Va. 2005) ("[L]ess deference is given to the plaintiff's choice of forum where that plaintiff represents a class.").

Third, in addition to those general considerations, the particular backdrop of this case renders any remaining deference that might be due the EEOC's choice of forum inappropriate. It is well settled that such deference is substantially lessened "when: (1) the chosen forum is not the plaintiff's home or (2) the chosen forum has little or no connection to the events giv[ing] rise to the litigation." *D2L Ltd.*, 671 F. Supp. 2d at 779; *see also Tse v. Apple Computer, Inc.*, No. L-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006). This case presents both of these scenarios. For one, the Commission is not at "home" in the District of Maryland. Rather, as

already noted, the EEOC is a federal agency that does not "reside" in any particular district, much less in the District of Maryland.  Moreover, Maryland has almost no connection whatsoever to the facts underlying the Commission's claims.  Through this suit, the EEOC challenges FedEx Ground's practices at "distribution facilities nationwide." (*See* Compl., Nature of the Action).  And it seeks relief on behalf of seventeen (17) specifically-named charging parties and a group of other "similarly aggrieved individuals," at least fifteen (15) of whom appear to be identified in the Complaint.  Out of the thirty-two (32) total individuals referenced in the Complaint by name, only one seems to have any connection to Maryland—Christina Schaeffer, who is alleged to have worked at FedEx Ground's Hagerstown, Maryland facility. (*See* Compl. ¶¶ 35(e), 36(a), 40(a)).  Otherwise, as confirmed by the Commission's own allegations, nearly all of the other individuals worked (or applied to work) at FedEx Ground locations outside of Maryland, at sites scattered throughout the United States.  (*See* Compl. ¶¶ 35-37, 40).  In fact, the EEOC's Complaint expressly alleges that FedEx Ground committed allegedly unlawful employment practices, among other places, at its facility in Pittsburgh, Pennsylvania.  (*Id.* ¶ 29(c)).

For all these reasons, the EEOC's forum preference warrants little, if any, weight.

### 2. *The Convenience Of The Witnesses Strongly Supports Transfer*

"The convenience of the witnesses is 'perhaps the most important factor' in determining whether a transfer of venue should be granted." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) (quoting *Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000)).  This case should be no different, and the key FedEx Ground witnesses responsible for developing, implementing, and administering the policies and procedures that the Commission challenges in this action are overwhelmingly, if not exclusively, located in the Western District of Pennsylvania, at FedEx Ground's headquarters in Pittsburgh.

For instance, the FedEx Ground employees responsible for developing and implementing the training and orientation provided to Package Handlers, including at the "sort observation" phase of the process—a major component of the EEOC's claims against FedEx Ground in this case, (*see* Compl. ¶¶ 25-27)—work at the Company's headquarters in Pittsburgh and live in the area.  (*See* Crosby Decl. ¶ 2, 5).  The same is true of the FedEx Ground employees responsible for selecting and developing the equipment and technology used by Package Handlers in the course of their work, including scanners and the vibrating scanner accessories—another facet of the Commission's claims. (*See* Compl., Nature of the Action (accusing FedEx Ground of refusing to "add[] flashing lights to tuggers"); Compl. ¶ 40(a) (accusing FedEx Ground of failing to provide a vibrating scanner).  Those witnesses, too, work and reside in the Pittsburgh area, within the Western District of Pennsylvania.  (*See* Dengel Decl. ¶ 2).  Similarly, as to the EEOC's contention that FedEx Ground "has not implemented a corporate-wide procedure for ensuring the effective engagement of deaf and hard-of-hearing individuals in an interactive process," (*see* Compl. ¶ 32), such corporate-wide policies and practices are developed and administered by employees who work at, and live nearby, the Company's headquarters in Pittsburgh.  (*See* Ward Decl. ¶ 6).  Simply put, the key witnesses on these topics work and reside in the Western District of Pennsylvania, not the District of Maryland, and they would be significantly inconvenienced if this case were litigated hundreds of miles away in Baltimore, rather than in Pittsburgh.  These facts weigh heavily in favor of transfer.  *See, e.g.*, *B&G Equip. Co. v. J.T. Eaton & Co.*, No. WMN-06-1363, 2006 WL 2813886, at *3 (D. Md. Sept. 27, 2006) (Nickerson, J.) ("In this district, motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district.") (quoting *Cronos Containers*, 121 F. Supp. 2d at 465).  The EEOC seeks to challenge practices and policies dating back to 2006 and, therefore, it is likely that former-employee, third-party

witnesses may also be called to provide testimony. Given that they, too, would have worked in the Company's headquarters, there is a substantial likelihood that they still reside in or near Pittsburgh, Pennsylvania.

By contrast, the Commission will be hard-pressed to identify witnesses with a particular connection to Baltimore (or the District of Maryland more generally). At best, the Commission might be able to point to a few individual witnesses from FedEx Ground's Hagerstown facility with information about Ms. Schaeffer's specific circumstances. But for each one of the Hagerstown-based witnesses who might offer information or testimony relevant to this one charging party's claim, countless others with no Maryland connections will likely be relevant to the specific circumstances of the other charging parties and "aggrieved individuals" associated with the Commission's claims; those witnesses—who presumably live and work throughout the United States—would not realize any convenience if this case were litigated in the District of Maryland, versus the Western District of Pennsylvania.

Indeed, these facts are in keeping with those in other cases where transfer was found appropriate to ensure the convenience of witnesses. In *B&G Equipment*, for instance, this Court transferred a trademark infringement dispute to the Northern District of Ohio in large part because "all those with knowledge of the design, production, and sale of the accused product and its related sales materials [were] located in Ohio." *B&G Equip.*, 2006 WL 2813886, at *3 (Nickerson, J.); *see also Cronos Containers*, 121 F. Supp. 2d at 465-66 (transferring case to the Southern District of Florida largely because witness testimony for the defendant would "be presented by persons who are located in Florida and who have no connection with Maryland"). Similarly, in *Jones v. Walgreen Co.*, the court based its transfer of the case to the Northern District of Illinois primarily on the fact that "a disproportionate number of managers and corporate employees involved in the development and implementation of Walgreen's hiring and

promotion decisions and polices are located in Illinois" at the company's headquarters. *Jones*, 463 F. Supp. 2d 267, 277 (D. Conn. 2006) (citing other cases reaching similar outcomes). For the same reasons espoused in those cases—*i.e.*, the fact that so many of FedEx Ground's key witnesses, particularly those involved with the development and implementation of the supposedly corporate-wide policies and practices challenged by the Commission, are located in Pittsburgh and not Maryland—the convenience of witnesses to this case counsels markedly in favor of transfer.

### 3. *The Convenience Of The Parties Favors Transfer*

The third factor—convenience of the parties—also tilts heavily in favor of transfer. As explained above, FedEx Ground's headquarters are located in Pittsburgh. Given the anticipated substantial number of key witnesses based out of the Company's Pittsburgh headquarters, and the fact that a large percentage of the documents and evidence likely to be relevant to the Commission's claims are located in Pittsburgh, it will be far more convenient to litigate this case in the Western District of Pennsylvania than in Maryland. Indeed, courts in this District have held that the concentration of relevant documents in another forum, particularly where those documents exist substantially in hardcopy format, makes transfer all the more appropriate. *E.g.*, *Gomez v. Kroll Factual Data, Inc.*, No. 8:12-cv-2773-AW, 2013 WL 639042, at *3 (D. Md. Feb. 20, 2013) (granting transfer to Colorado because, among other reasons, relevant documentation was located and would need to be compiled there); *Howard Univ. v. Watkins*, No. DKC 2006-2076, 2007 WL 763182, at *4 (D. Md. Mar. 12, 2007) (finding transfer to Washington, D.C. appropriate, in part, because "all records and other documentary evidence are located within the District of Columbia"). Here, many of the key documents relevant to the claims in this case—such as personnel files, documents related to the development and modification of relevant policies, and records surrounding FedEx Ground's development of the vibrating scanner

accessories for the Package Handler position—are housed and maintained at the Company's corporate headquarters in Pittsburgh, Pennsylvania, some in paper and hardcopy format only. (Crosby Decl. ¶ 3, 4; Ward Decl. ¶ 5; Dengel Decl. ¶ 5).

By contrast, the EEOC will not be inconvenienced by a transfer of this case to the Western District of Pennsylvania. The EEOC has a field office in Pittsburgh and could just as easily manage this litigation from Pittsburgh as from Baltimore. In fact, several of the EEOC's attorneys on this case are already litigating this case out of the Commission's Philadelphia office, away from Baltimore. *E.g.*, *United Airlines*, 2009 WL 7323651, at *3 ("[I]t does not appear that the EEOC will be greatly inconvenienced if forced to litigate in Illinois. It has an office in Chicago and could therefore carry out its investigation and litigation preparation from that office.").

### 4.   *The Interest Of Justice Factor Favors Transfer*

"Consideration of the interest of justice factor is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *D2L Ltd.*, 671 F. Supp. 2d at 783 (quoting *Howard Univ.*, 2007 WL 763182, at *5). At this stage, courts may consider, for instance, the interest in "avoiding duplicative litigation," *Mamani*, 547 F. Supp. 2d at 474, the proposed transferee court's "familiarity with the applicable law," *Topiwala v. Wessell*, No. WDQ-11-543, 2012 WL 122411, at *8 (D. Md. Jan. 12, 2012), or the potential need for "access to premises that might have to be viewed," *Dicken v. United States*, 862 F. Supp. 91, 93 (D. Md. 1994). Most of these considerations are inapplicable here, but one relevant issue does counsel in favor of transfer: the comparative congestion of the courts. *E.g.*, *Gomez*, 2013 WL 639042, at *5 (reviewing relative court congestion in evaluating transfer). On this point, the Western District of Pennsylvania is demonstrably less congested than the District of Maryland. During the twelve-month period from April 2013 through March 2014, for example, the Western

District of Pennsylvania saw 2,665 new civil case filings, as compared to 4,043 new civil case filings in the District of Maryland.  Moreover, the number of pending civil cases during that same period was also quite disparate: 1,912 cases in the Western District of Pennsylvania, versus 3,189 in the District of Maryland.  Thus, to the extent general factors bearing on the "interest of justice" are relevant here, those factors favor transfer to the Western District of Pennsylvania.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant FedEx Ground's motion and transfer this action to the United States District Court for the Western District of Pennsylvania.

Dated:  November 26, 2014                    Respectfully submitted,

   /s/  Grace E. Speights
Grace E. Speights (Bar No. 05254)
gspeights@morganlewis.com
Matthew J. Sharbaugh (Bar No. 18942)
msharbaugh@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:    (202) 739-3000
Fax:   (202) 739-3001

*Counsel for Defendant*
*FedEx Ground Package System, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of November, 2014, I caused a true and correct copy of the foregoing document, **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE,** to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to and accomplish service upon all counsel of record:

Debra M. Lawrence
debra.lawrence@eeoc.gov
Maria Luisa Morocco
maria.morocco@eeoc.gov
EEOC, City Crescent Bldg
10 S. Howard St. Third Fl.
Baltimore, MD 21201
Phone:   (410) 962-3932
(410) 209-2730
Fax:  (410) 209-2221
(410) 962-4270

Thomas D. Rethage, Jr.
thomas.rethage@eeoc.gov
Jennifer Lynn Hope
jennifer.hope@eeoc.gov
EEOC, Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA 19107
Phone:   (215) 440-2683
(215) 440-2841
Fax:   (215) 440-2848

*Attorneys for Plaintiff*
*Equal Employment Opportunity Commission*

/s/   Grace E. Speights_____
Grace E. Speights, Esq.