IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY     *
COMMISSION                       *
                                 *
v.                               *     Civil Action No. WMN-14-3081
                                 *
FEDEX GROUND PACKAGE             *
SYSTEM, INC.                     *

  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

The Equal Employment Opportunity Commission (EEOC) filed

this action in this Court on September 30, 2014.  In its

Complaint, the EEOC alleges that Defendant FedEx Ground Package

System, Inc. (FedEx) has and is violating the Americans with

Disabilities Act (ADA) by discriminating against and failing to

accommodate deaf or hard-of-hearing individuals either employed

as Package Handlers or who have applied for Package Handler

positions.  The action is brought on behalf of 17 named Charging

Parties as well as an unspecified number of "similarly aggrieved

individuals."  ECF No. 1 at 1.

FedEx has filed a Motion to Transfer Venue pursuant to 28

U.S.C. § 1404(a), asking this Court to transfer this action to

the United States District Court for the Western District of

Pennsylvania.  ECF No. 9.  FedEx's headquarters is located

within that district, in Pittsburgh.  The motion is fully

briefed.  Upon review of the briefing and the applicable case

law, the Court determines that no hearing is necessary,[1] Local

Rule 105.6, and that the motion will be granted.

Title 28 U.S.C. § 1404(a) provides that "[f]or the

convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any

other district or division where it might have been brought . .

. ."  Thus, in ruling on a motion under § 1404(a), the Court

must first determine whether venue is proper in the proposed

transferee court and whether the defendant is subject to

personal jurisdiction in that forum.  D2L Ltd. v. Blackboard,

Inc., 671 F. Supp. 2d 768, 778 (D. Md. 2009).  Here, there is no

dispute that venue is proper in the Western District of

Pennsylvania and that FedEx is subject to personal jurisdiction

in that district.

Once it is determined that the action could have been

brought in the alternate forum, the court must "weigh in the

balance a number of case specific factors" to determine if it

should be transferred there.  Mamani v. Bustamante, 547 F. Supp.

---

[1] After the motion was fully briefed, the EEOC filed a "Request
for Hearing," ECF No. 16, which, as FedEx observes, was more in
the nature of an improper surreply.  See Local Rule 105.2.a
("Unless otherwise ordered by the Court, surreply memoranda are
not permitted to be filed.").  The "Request for Hearing"
consists of factual and legal argument, including an attempt to
distinguish several cases relied upon by FedEx in its original
motion but which the EEOC failed to address in its opposition.
If the EEOC believed that a surreply was warranted, it should
have filed a motion for leave to file a surreply.

2d 465, 469 (D. Md. 2008) (citations omitted).  Specifically,

courts are to consider (1) the weight accorded to the

plaintiff's choice of forum; (2) witness convenience and access;

(3) convenience of the parties; and (4) the interests of

justice.  Cross v. Fleet Reserve Ass'n Pension Plan, 383 F.

Supp. 2d 852, 856 (D. Md. 2005).  The decision whether to

transfer venue is committed to the sound discretion of the trial

court.  See Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253,

1257 (4th Cir. 1991).  For the reasons that follow, the Court

finds that the first, third, and fourth factors leave the

appropriateness of transfer essentially in equipoise, but the

second factor points decisively toward transfer.

As to the first factor, "a plaintiff's choice of forum is

ordinarily accorded considerable weight."  Lynch v. Vanderhoef

Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).  That weight

is lessened, however, when the plaintiff is a government agency.

See EEOC v. Icon Benefit Adm'rs, Inc., Civ. No. 02-527, 2003 WL

748268, at *5 (W.D. Tex. Feb. 10, 2003) (observing that "the

personal interest normally associated with a plaintiff's choice

of forum do not weigh as heavily in [the EEOC's] favor in this

case as they do when a plaintiff is a corporation or natural

person").  Nevertheless, "the presumption in favor of the

plaintiff is not eliminated; the government's choice of venue is

still entitled to some deference."  EEOC v. Texas Roadhouse,

3

Inc., Civ. No. 11-11732, 2012 WL 5894910, at *1 (D. Mass. Nov.
9, 2012).  Thus, this factor tips slightly against transfer.

As to the third factor, the convenience of the parties, it
is undeniably more convenient for FedEx to have this case
proceed in Pittsburgh where its headquarters is located.  Many
of its officers and directors are located in and around
Pittsburgh.  FedEx also indicates that relevant documentation
including personnel records and documents related to the
development of certain technology and equipment used by Package
Handlers is located in Pittsburgh.  Furthermore, some of that
documentation only exists in paper or hardcopy format.

The relative convenience of the EEOC in litigating this
action in Baltimore or Pittsburgh is more difficult to evaluate.
The EEOC focuses on the fact that its investigation of this
matter, which has spanned several years, was centered in its
Baltimore office.  The lead investigator, Bruce Kagen, worked
under the supervision of managers in the Baltimore office.
While the EEOC has a field office in Pittsburgh that, like its
Baltimore office, is part of the EEOC's Philadelphia District,
the EEOC asserts that the office is small, has little support
staff, and no one in that office has worked on the FedEx
investigation.

Much of the EEOC's argument concerning the "convenience of
parties" factor actually centers more on the convenience of its

attorneys, which is not a proper consideration under § 1404(a).

See Cronos Containers, Ltd. v. Amazon Lines, Ltd., 121 F. Supp.

2d 461, 466 n.4 ("Section 1404(a) is concerned with the

convenience of parties and witnesses and not with the

convenience of counsel.") (D. Md. 2000).  Were the Court to

consider the convenience of counsel, it would not be a

compelling factor, regardless, as one of the individuals

identified as a "lead attorney" on this case, Maria Morocco, now

works out of the EEOC's Washington D.C. office and the other,

Thomas Rethage, works out of its Philadelphia office. The

supervising attorney over Morocco and Rethage, Regional Attorney

Debra Lawrence, works primarily out of the Baltimore Field

Office but the Pittsburgh office also falls under her

supervision as part of the EEOC's Philadelphia District.

Were the Court to consider under this factor the

convenience of Package Handlers themselves, on whose behalf this

action is being brought, there is still no compelling reason to

keep the case in this Court.  Just one of the Charging Parties

was employed in a FedEx facility located in Maryland, the rest

worked, work, or applied to work in FedEx facilities throughout

the country.  The Court notes that one of the FedEx facilities

in which the EEOC alleges unlawful employment practices have

occurred is located in Pittsburgh.  ECF No. 1 ¶ 29(c).

Thus, while not strongly, the Court finds that the convenience of parties factor weighs in favor of transfer.

As to the fourth factor, the interest of justice, FedEx points to the fact that the Western District of Pennsylvania is "demonstrably less congested than the District of Maryland" based upon recent statistics on the number of new civil cases and pending civil cases.  ECF No. 9-1 at 12-13.  This Court has considered relative court congestion in determining whether a case should be transferred, Gomez v. Kroll Factual Data, Inc., Civ. No. 12-2773, 2013 WL 639042, at *5 (D. Md. Mar. 12, 2013), although it is certainly not a significant factor.  Furthermore, as the EEOC notes, the median time from filing of a civil action to final disposition is not significantly different between the two courts.  ECF No. 14 at 14 n.13.  Nevertheless, the Court finds that this factor tips slightly toward transfer.

The determining factor is the convenience of witnesses. This Court has held and the parties agree that this factor is "perhaps the most important factor." Mamani, 547 F. Supp. 2d at 473 (citation omitted).  FedEx argues that its employees responsible for developing and implementing the training and orientation provided to Package Handlers - which the EEOC alleges does not sufficiently accommodate deaf or hard-of-hearing individuals – work at FedEx's headquarters in Pittsburgh and live in the area.  It also asserts that those responsible

for selecting and developing the equipment and technology used
by Package Handlers - which the EEOC alleges FedEx has failed to
modify or adapt for deaf or hard-of-hearing individuals – also
work and live in Pittsburgh.  Because the EEOC contends that the
discriminatory practices stretch back as far as 2006, FedEx
suggests it is likely that some of these individuals may be
former employees.  Given that they worked in Pittsburgh, FedEx
reasons that they are likely to still reside near Pittsburgh.

The EEOC counters that the focus of this case is not on any
corporate-wide ADA policy developed (or insufficiently
developed) in Pittsburgh, but "on the application of the policy,
which vests decision-making discretion in front-line personnel."
ECF No. 14 at 11.  Thus, in the EEOC's view, the key witnesses
are the aggrieved individuals themselves and the front-line
managers and human resources officials from each FedEx
distribution facility.  While that may be true, only one of
FedEx's distribution facilities is located in Maryland, the rest
are disbursed across the country.  Therefore, with the exception
of those potential witnesses connected with the Hagerstown,
Maryland facility, Baltimore is no more convenient than
Pittsburgh.  Furthermore, as noted above, there is also a
distribution center located in Pittsburgh which has been
identified by the EEOC as a facility with a significant number

of deaf and hard-of-hearing individuals in the Package Handler

position.   ECF No. 1 ¶ 29(c).

    From the Court's familiarity with discrimination cases

brought, like this one, against large national companies, the

inquiry often centers on how an official corporate policy is

implemented at the local level.   In these cases, what happens at

the local level is certainly critical.   To determine the

liability of the corporation under the anti-discrimination

statutes, however, the finder of fact also needs to understand

how the official policy is developed, communicated, and

monitored.   While the understanding of what is happening at the

different FedEx distribution centers may come from witnesses

dispersed around the country, the understanding of the official

policy will come from witnesses who predominately work and live

in Pittsburgh.

    For the foregoing reasons, the motion to transfer will be

granted.   An order consistent with this memorandum will issue.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


DATED: February 24, 2015